**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOIS MARTIN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>ARBOR REALTY TRUST, INC., IVAN KAUFMAN, and PAUL ELENIO,<br><br>     Defendants. | Case No.: 1:24-cv-05347-PKC-LKE<br><br>Hon. Pamela K. Chen |

**DAVID HAWKINS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION TO COMPETING <u>LEAD PLAINTIFF MOTIONS</u>**

**TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY STATEMENT ....................................................................................... 1

II.    ARGUMENT ................................................................................................................... 2

    A.    The PSLRA Process.............................................................................................. 2

    B.    Mr. Hawkins Possesses the "Largest Financial Interest" of Any Movant Under the *Olsten/Lax* Factors. ........................................................................................ 3

    C.    Mr. Hawkins Satisfies Rule 23's Typicality and Adequacy Requirements. .................... 4

    D.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Hawkins as Lead Plaintiff. ................................................................................... 6

III.   CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burnham v. Qutoutiao Inc.,*
  No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020) ............... 6

*Canadian Solar, Inc.,*
  272 F.R.D. 112 (S.D.N.Y. 2010) ................................................................................................ 2

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) ..................................................................................................... 7

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................... 5

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.,*
  No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) .... 2

*In re Drexel Burnham Lambert Grp., Inc.,*
  960 F.2d 285 (2d Cir. 1992) ...................................................................................................... 5

*In re Facebook, Inc.,*
  288 F.R.D. 26 (S.D.N.Y. 2012) ................................................................................................. 3

*Foley v. Transocean Ltd.,*
  272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................... 5

*In re Fuwei Films Sec. Litig.,*
  247 F.R.D. 432 (S.D.N.Y 2008) ................................................................................................ 4

*Glavan v. Revolution Lighting Techs., Inc.,*
  No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019) ............. 1, 3

*Janbay v. Canadian Solar, Inc.,*
  272 F.R.D. 112 (S.D.N.Y. 2010) ............................................................................................... 2

*Jiehua Huang v. Airmedia Grp., Inc.,*
  No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) .......... 7

*Kaplan v. Gelfond,*
  240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................... 1, 4

*Kasilingam v. Tilray, Inc.*
  1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020) ................... 7

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................. 5

*Lax* v. *First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................. 4

*In re Olsten Corp. Securities Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................. 4

*Omdahl v. Farfetch Ltd.*,
   No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020) ............. 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................................... 7

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014) .................................................................................. 5

*Sofran v. Labranche & Co.*
   220 F.R.D. 398 (S.D.N.Y. 2004) ....................................................................................... 7

*In re Veeco Instruments, Inc.*,
   233 F.R.D. 330 (S.D.N.Y. 2005) ....................................................................................... 1

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................. *passim*

iv

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class action. The PSLRA applies in the case at hand and, under the PSLRA, David Hawkins' motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Hawkins has, by far, the largest financial interest under the four factors "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period" (the "*Olsten/Lax* factors"). *Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019) (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005)). Of the four factors, the fourth factor, the "approximate loss suffered," is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

As demonstrated in the table below, pursuant to the widely accepted *Olsten/Lax* factors, Mr. Hawkins' approximate loss, the most important factor, is more than twice as large as the next closest movant:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| David Hawkins | 16.000 | 16,000 | $287,200.00 | $67,592.73 |
| Paul Daniels | 5.550 | 5.550 | $100,260.75 | $27,417.00 |
| Charles C. Brooks | 5,500 | 5,500 | $101,530.00 | $26,040.00 |
| Matthew Park | 3,586 | 3,586 | $55,908.39 | $6,689.62 |

With over $67,000 in losses, there can be no dispute that Mr. Hawkins holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Hawkins has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.,* No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *14 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA…, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (quoting *Janbay v. Canadian Solar, Inc.,* 272 F.R.D. 112, 120 (S.D.N.Y. 2010)). Mr. Hawkins is typical of the other class members insofar as he acquired ABR Realty Trust, Inc. ("ABR" or the "Company") securities during the class period and was damaged as a result. Mr. Hawkins does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, Mr. Hawkins is ideally suited to serve as the lead plaintiff given his 18 years of investing and experience overseeing attorneys. *See* ECF No. 7-4.

## II.      ARGUMENT

### A.      The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice

announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.      Mr. Hawkins Possesses the "Largest Financial Interest" of Any Movant Under the *Olsten/Lax* Factors.**

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mr. Hawkins is entitled to that presumption because, relative to the other movants, Mr. Hawkins' losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Glavan*, 2019 U.S. Dist.

3

LEXIS 125960, at *8; *In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*"); *see also Lax* v. *First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, the fourth factor, the "approximate loss suffered", is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan*, 240 F.R.D. 88 at 93. In this instance, that movant is Mr. Hawkins. Mr. Hawkins has a significantly greater financial interest under all four *Olsten/Lax* factors when evaluating each movants' financial interest, including the most important fourth factor, "approximate loss suffered." None of the other movants even come close to matching Mr. Hawkins' "approximate loss suffered":

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| David Hawkins | 16.000 | 16,000 | $287,200.00 | $67,592.73 |
| Paul Daniels | 5.550 | 5.550 | $100,260.75 | $27,417.00 |
| Charles C. Brooks | 5,500 | 5,500 | $101,530.00 | $26,040.00 |
| Matthew Park | 3,586 | 3,586 | $55,908.39 | $6,689.62 |

Specifically, as compared to Paul Daniels, the movant claiming the second largest financial interest, Mr. Hawkins expended ***more than twice the net funds*** during the Class Period, and therefore lost over ***$40,000 more.*** Accordingly, Mr. Hawkins has the largest financial interest in this matter.

### C.      Mr. Hawkins Satisfies Rule 23's Typicality and Adequacy Requirements.

Not only does Mr. Hawkins possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

4

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). Mr. Hawkins' claims are typical of those of other Class members because, like other Class members, he acquired ABR securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Hawkins' claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *12-13 (S.D.N.Y. Nov. 24, 2008).

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Hawkins must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Mr. Hawkins has shown that his choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 7-5. This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Hawkins has no conflicts with other Class Members. ECF No. 6 at 7; *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, there is no evidence of any antagonism between Mr. Hawkins' interests and those of the Class and Mr. Hawkins has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful

conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Finally, Mr. Hawkins has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Hawkins provided his education, employment, years of investing experience, and experience overseeing counsel. *See* ECF No. 7-4. Mr. Hawkins considers himself to be a sophisticated investor, having been investing in the stock market for 18 years. *Id.* He possesses a Bachelor of Commerce and he is currently employed as Head of Business Development at Hootwater. *Id*. Mr. Hawkins has experience overseeing attorneys, as he has hired attorneys for general civil matters, real estate, and tax related matters. *Id*. He is knowledgeable about the litigation and is committed and understands the obligations of a lead plaintiff under the PSLRA and plans to prosecute this Action efficiently on behalf of the Class. *Id*. at ¶¶ 3, 6. Further, in his certification and declaration, Mr. Hawkins states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 7-1 and 7-4.

Mr. Hawkins, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Hawkins is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**D.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Hawkins as Lead Plaintiff.**

Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.,*1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at *5-

6

6 (S.D.N.Y. Aug. 6, 2020); *Sofran v. Labranche & Co.,*220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). This presumption may be rebutted only upon **proof** by a class member that he "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004)(internal quotation and citation omitted); *see also Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"). This the competing movants, have not, and cannot, do.

## III.    CONCLUSION

For the foregoing reasons, Mr. Hawkins respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Mr. Hawkins as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky, LLP as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

7

Dated: October 15, 2024

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for David Hawkins and*
*[Proposed] Lead Counsel for the Class*

8